**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cr-00181-SRC |
| | ) | |
| SHAUN HARGROVE, | ) | |
| | ) | |
| Defendant. | ) | |

## Order

Defendant Shaun Hargrove is charged in a one-count superseding indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Docs. 37–38. The charge results from a traffic stop in the City of St. Louis on January 15, 2020. Doc. 32 at p. 1. Hargrove seeks to suppress a statement that he allegedly made to officers during the course of the traffic stop, as well as any evidence seized during the stop. *Id*. The Court overrules Hargrove's objections to the Magistrate Judge's Report and Recommendation.

## I.      Background

The Court referred Hargrove's Motion to Suppress Statements and Evidence and Post-Hearing Motion to Suppress Statements and Evidence, Docs. 32 and 55, to United States Magistrate Judge John M. Bodenhausen. *See* 28 U.S.C. § 636(b). After an evidentiary hearing and post-hearing briefing, Judge Bodenhausen issued a Report and Recommendation detailing his factual findings, legal conclusions, and recommendations on Hargrove's motions. Doc. 58; *see also* Docs. 43, 55–56. The Report and Recommendation recommends that the Court deny Hargrove's Motions to Suppress Statements and Evidence, Docs. 32 and 55. Doc. 58 at p. 14.

Hargrove objects to the Report and Recommendation.   Doc. 65.   The United States opposes Hargrove's objections.   Doc. 69.

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected.   *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).   In making its de novo determination, the Court reviewed the entire record, including the transcript of the March 24, 2021 evidentiary hearing and the related exhibit, as well as the post-hearing briefing.   Docs. 50, 55–56.

## II.    Analysis

Hargrove claims that Judge Bodenhausen's Report and Recommendation "makes two clear and significant errors in concluding that Officer Brian Hayes did not unlawfully seize Mr. Hargrove by ordering him to the exit the car in which he was a passenger."   Doc. 65 at p. 5. First, Hargrove argues that Judge Bodenhausen incorrectly relied on *Maryland v. Wilson,* 519 U.S. 408 (1997).   *Id.*   Second, Hargrove argues that the Report and Recommendation "reaches other erroneous conclusions that are downstream of its analysis of the seizure and necessarily tainted by its missteps."   *Id.*   Hargrove further alleges that subsequent search of the car was unlawful and fruit of the poisonous tree.   *Id.* at pp. 20–23.

On January 15, 2020, Officers Brian Hayes and Kayla Devine pulled over a Chevrolet Impala for having expired temporary license tag.   Doc. 50 at 24:10–25:5.   While approaching the vehicle, Officer Hayes noticed Hargrove making movements consistent with trying to conceal something or trying to get to something.   *Id.* at 28:2–22; 41:20–42:7.   Concerned about

safety, Officer Hayes asked Hargrove to "show [him] his hands and step out of the vehicle." *Id.*

at 12:9–10.    Hargrove then allegedly stated that a gun was located underneath the seat.    *Id.* at

13:14–14:1.    Hargrove was arrested for the weapon and two active warrants.    *Id.* at 18:20–1

9:1; 19:16-18.

     "Hargrove does not contest that officers may order passengers to exit a vehicle as part of

a routine traffic stop."    *Id.* at p. 11 (citing *Wilson,* 519 U.S. 408; Doc. 58 ("concluding that

Officer Hayes'[s] command was justified 'as part of the routine business of completing a traffic

stop[.]'").    Instead, Hargrove states that "[h]e objects to the . . . misapplication of that rule to the

facts of this case."    Doc. 65 at p. 11.    Hargrove asserts that the "encounter ceased to be a traffic

stop when Officer Hayes observed Mr. Hargrove moving inside the car and completely and

permanently abandoned any investigation of the traffic issue."    *Id.*    Hargrove argues that since

"Officer Hayes was no longer pursuing the traffic matter when he issued his command to exit,

and *Wilson* and its progeny are inapplicable."

     On de novo review, the Court finds that Judge Bodenhausen properly: 1) applied *Wilson,*

2) credited Officer Hayes's testimony, and 3) found that Officer Hayes had at least reasonable

suspicion that there might be weapons or other dangerous items in the Impala and that Hargrove

lacks Fourth Amendment standing to challenge the search of the Impala.    For the reasons set

forth more fully explained in Judge Bodenhausen's Report and Recommendation, the Court finds

that Officer Hayes search and seize of Hargrove and the Impala were not unconstitutional.

Accordingly, the Court overrules Hargrove's objections.

## III.    Conclusion

     The Court sustains, adopts, and incorporates United States Magistrate Judge John

Bodenhausen's [58] Report and Recommendation.    Accordingly, the Court denies Defendant

Shawn Hargrove's [32] Motion to Suppress Evidence and [55] Post-Hearing Motion to Suppress

Statements and Evidence.   Trial of this matter will be set by separate order.

Dated this 23rd day of August 2021.

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE